```
                                             U.S. DISTRICT COURT
                                          NORTHERN DISTRICT OF TEXAS
                                                    FILED

           IN THE UNITED STATES DISTRICT COURT    JAN 2 8 2016
                NORTHERN DISTRICT OF TEXAS
                    FORT WORTH DIVISION
                                                CLERK, U.S. DISTRICT COURT
                                                  By _____
                                                         Deputy
```

MARIA JESUS GONZALEZ,             §
                                  §
        Movant,                   §
                                  §
VS.                               §    NO. 4:15-CV-925-A
                                  §    (NO. 4:12-CR-098-A)
UNITED STATES OF AMERICA,         §
                                  §
        Respondent.               §

## MEMORANDUM OPINION
### and
### ORDER

Came on for consideration the motion of movant, Maria Jesus Gonzalez, under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Having reviewed such motion, the government's response thereto, the reply, the record, and applicable legal authorities, the court concludes that the motion should be dismissed.

I.

### Background

After pleading guilty to distribution of heroin, movant was sentenced on October 26, 2012, to a term of imprisonment of 168 months. CR Doc.[1] 43; 58. Movant appealed, and the Fifth Circuit affirmed movant's conviction on October 25, 2013. United States v. Gonzalez, 543 F. App'x 416 (5th Cir. 2013). Movant's conviction became final on January 23, 2014, the last day she

---

[1] The "CR Doc. __" references are to the numbers assigned to the referenced documents on the docket of the underlying criminal case, No. 4:12-CV-098-A.

could have filed a petition for writ of certiorari.[2] Movant did not file the instant motion until December 4, 2015, well beyond one year after her conviction became final.[3] Doc.[4] 1.

II.

Analysis

A. § 2255 Limitations Period

A one-year period of limitations applies to motions under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. 28 U.S.C. § 2255(f).[5] "[T]he conviction becomes final, and the one-year period begins to run, upon expiration of the time for seeking certiorari in the U.S. Supreme Court, even where, as here, the appellant has not actually filed such a petition." Clay

---

[2] A petition for writ of certiorari is timely when filed with the clerk of the Supreme Court within ninety days after entry of judgment. See Sup. Ct. R. 13.

[3] Even if the date of filing is November 18, 2015, the date the motion was purportedly signed, the motion is still overdue by 299 days.

[4] The "Doc." reference is to the number assigned to the referenced document on the docket of this civil action, No. 4:15-CV-925-A.

[5] Section 2255(f) provides that:

A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

2

v. United States, 537 U.S. 522, 527 (2003); United States v. Gamble, 208 F.3d 536, 536 (5th Cir. 2000).

B. Movant's § 2255 Motion is Not Timely Filed

Apparently recognizing that her motion would be considered barred by limitations, movant recites that her motion is subject to a one-year period of limitations that runs from the date the facts underlying her claim could have been discovered. Doc. 1 at 10 (numbered 11 on the printed form). However, she then appears to argue that the time runs from her discovery of the claim through "consistent research of the law." Id. Movant does not cite to any facts discovered through the exercise of diligence. Indeed, she could not, as she relies on facts contained in the presentence report that she says are inaccurate. Of course, those facts have been known to her all along.

Movant next refers to the recent Supreme Court decision of Johnson v. United States, 135 S. Ct. 2551 (2015); Doc. 1 at 11 (numbered 12 on the printed form). Johnson held that an increased sentence under the Armed Career Criminal Act's ("ACCA")[6] residual clause violates due process of law. Id. at 2254-55. Section 2255(f)(3) allows a § 2255 motion to be filed within one year from "the date on which the right asserted was initially

---

[6] The Armed Career Criminal Act ("ACCA") prevents felons from possessing firearms. 18 U.S.C. § 922(g).

3

recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). The court can only guess as to how <u>Johnson</u> would have any application to this case. In any event, the Fifth Circuit has determined that <u>Johnson</u> does not apply retroactively. <u>In re Williams</u>, 806 F.3d 322, 325-26 (5th Cir. 2015).[7]

### III.

### Order

Therefore,

The court ORDERS that the motion of Maria Jesus Gonzalez under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence be, and is hereby, dismissed.

\* \* \* \* \* \*

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts, and 28 U.S.C. § 2253(c)(2), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby,

---

[7] The court recognizes that the retroactivity of <u>Johnson</u> is presently before the Supreme Court, but, as stated, <u>Johnson</u> appears to have no bearing on this case in any event.

denied, as movant has not made a substantial showing of the denial of a constitutional right.

SIGNED January 28, 2016.

_____
JOHN McBRYDE
United States District Judge